(52 South. 477.)

No. 18,073.

W. K. HENDERSON IRON WORKS & SUPPLY CO., Limited, v. CITY OF SHREVEPORT et al.

(May 9, 1910.)

*(Syllabus by Editorial Staff.)*

1. MUNICIPAL CORPORATIONS (§ 987*)—MUNICIPAL AID TO RAILROAD—VIOLATION OF CONDITIONS—RIGHT OF TAXPAYER.

Where a railroad company, to which a city voted a special tax on condition that it should within a specified time build a railroad and establish shops in the city, failed to comply with the conditions within the time specified, the special tax could be annulled at the suit of a taxpayer, suing for his joint interest and all others similarly situated.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 987.*]

2. MUNICIPAL CORPORATIONS (§ 977*)—MUNICIPAL AID TO RAILROAD—VIOLATION OF CONDITIONS—EFFECT.

Where a railroad company, to which a special tax had been voted by a city on specified conditions, had forfeited all right to the tax, it could not contest the right of a taxpayer to demand of the city reimbursement of the portion of the tax already paid.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 977.*]

Appeal from First District Court, Parish of Caddo; T. F. Bell, Judge.

Action by the W. K. Henderson Iron Works & Supply Company, Limited, against the City of Shreveport and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Hall & Jack, for appellants. Blanchard, Barret & Smith, for appellee.

PROVOSTY, J. This suit is brought by a taxpayer of the city of Shreveport to annul a special tax heretofore voted by the city in aid of the defendant railroad company. The ground of the suit is that the defendant railroad company has not complied with the conditions upon which the tax was voted, and that the time has now gone by for doing so. The conditions were that:

"(1) The Shreveport Northeastern Railway, or assigns, is to build a standard-guage railway from Shreveport in a northeasterly direction to Homer, La., a distance of about 50 miles; that," etc.

"That the principal shops necessary for the purposes of said railway company should be built and established in the city of Shreveport, and that actual work upon the said railroad shall be commenced at Shreveport within 6 months after the said tax was voted (which said election was held July 31, 1906), and that the said railroad to Homer, La., should be completed within 30 months after the voting of said tax, but no portion of said special tax of seven-eighths of one mill on the dollar should be paid to the said railway company until 20 miles of said railroad should be completed from Shreveport, and that, should the said railroad not be built beyond 20 miles and on to Homer, La., within 30 months, then no further tax to be assessed, collected, or paid to said railroad; that such portion of said tax as had been collected should be paid to the said railway company upon the completion of the said 20 miles of railroad from Shreveport in a northeasterly direction on to Homer, La., a distance of about 50 miles, and that the remaining portion of said tax to be paid each year as collected and as conditioned above; that no portion of said moneys so raised should be paid to any one whatever until the said railway company had built the said 20 miles of railroad in a northeasterly direction from Shreveport on to Homer, La., and the necessary shops constructed, domiciled, and established in the city of Shreveport.

"That no portion of said moneys so raised shall be paid to any one whatever until the said railway company had built 20 miles of the railway in a northeasterly direction from Shreveport, and the necessary shops and domicile constructed and established in Shreveport."

The ordinance ordering the election was passed on April 17, 1906. The election was held on July 31, 1906. The result was pro-

mulgated on August 1, 1906. This suit was filed in May, 1909, and was tried in June, 1909.

From the evidence, the conditions on which the tax was voted have not been complied with, and the time has passed for complying with them. So clear is this, that the trial judge evidently had little patience, except of the forced kind, with the defense to the suit; and we must confess to pretty much the same mental disposition.

The 3 years were nearly out at the time of the trial, and defendant had not yet begun work, or, in fact, done anything at all towards constructing the 20 miles out of Shreveport, except that it had acquired a right of way across five tracts of land in the parish of Bossier, constituting but an insignificant part of the route across that parish, and had made certain surveys. But even the little which it thus had done it had, as it were, undone, by making a transfer of these rights of way and surveys to another and independent road, which was being constructed in the direction of Shreveport. This transfer would seem to be a pretty strong indication of abandonment on the part of defendant of all idea of carrying out the project in aid of which the tax was voted (indeed, it would seem to have been accepted as such by defendant's own secretary); but "out of this nettle, danger," the learned counsel for defendant would seek to "pluck this flower, safety," by arguing that the construction of this other and independent road (which would have been constructed just the same, if the defendant company had never been organized) is a compliance on its part with the condition to construct the 20 miles out of Shreveport. We can hardly believe the learned counsel for defendant is serious in that contention.

Defendant had also bought a tract of land in the city of Shreveport for the location of its shops; but it had paid only $2,000 on the

126 LA.—9

purchase price of $12,000, and at the time of the trial the vendor's lien for the $10,000, unpaid part of the purchase price, was being foreclosed.

Only $700 of the $2,000,000 capital stock of the defendant company has been subscribed or paid in.

We do not agree with defendant that the tax should be annulled only in so far as it affects the plaintiff firm, leaving it in all other respects in full force and effect. The suit must be considered to be for the joint interest of plaintiff and all others similarly situated. If this were not so, this court would not have jurisdiction of the appeal.

As defendant has forfeited all right to the tax, and has no further connection with it, it has no standing to contest the right of plaintiff to demand of the city of Shreveport reimbursement of that portion of the tax already paid.

Judgment affirmed.